# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER D. SMITH,**

    **Petitioner,**

    **v.**                                      **Case No. 17-CV-1592**

**RANDALL HEPP,**

    **Respondent.**

## DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION

Christopher D. Smith, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, the court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, allowed the case to proceed, and ordered the respondent to file a response to the petition. Subsequently, the respondent filed a motion to dismiss the habeas petition as untimely. The parties have briefed the motion to dismiss and the motion is ready for resolution. For the reasons stated below, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.[1]

## BACKGROUND

Smith was convicted of three counts of armed robbery with threat of force as a party to each crime, in Milwaukee County Case No. 01CF6402. (Habeas Petition at 2, Docket # 1.) Smith was sentenced to sixty years, consisting of forty-five years of initial confinement and fifteen years of

---

[1] Smith also filed a "Motion to Issue All Writs Act" (Docket # 2), asking that he be released pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2254. Because Smith's habeas corpus petition is dismissed as untimely, Smith's motion is denied.

extended supervision. (Amendment Judgment of Conviction, Docket # 13-1.)

Following his conviction, Smith pursued a direct appeal. The Wisconsin Court of Appeals affirmed his conviction in a decision dated February 7, 2006. (*State v. Smith*, Appeal No. 2004AP1727 (Wis. Ct. App. Feb. 7, 2006), Docket # 13-3.) Smith did not petition the Wisconsin Supreme Court for review. (Docket in Milwaukee County Case No. 01CF6402 at 6-7, Docket # 13-1.)

On July 11, 2006, Smith filed a *pro se* motion with the Milwaukee County Circuit Court seeking to vacate the DNA surcharge. (*Id.*) This motion was denied the next day. (*Id.*) Smith did not appeal this decision. Although the exact date is unclear from the record, sometime in 2007, Smith filed a petition with the Wisconsin Court of Appeals pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). (*Id.* at 6.) The court denied this petition on March 14, 2008. (*Id.*) Smith filed a petition for review of this decision with the Wisconsin Supreme Court, which denied review on September 11, 2008. (*Id.*)

Smith filed another motion seeking to vacate the DNA surcharge on July 2, 2009, but the motion was denied on July 15, 2009. (*Id.*) Smith appealed the decision, which was affirmed on May 17, 2011. (*Id.* at 5.) Smith petitioned the Wisconsin Supreme Court for review, but the petition was denied on January 24, 2012. (*Id.*) The matter was remanded to the circuit court on February 3, 2012. (*Id.*)

Twenty-two months later, on December 26, 2013, Smith filed a second postconviction motion on the grounds that he received ineffective assistance of counsel. (*Id.* at 4-5.) The circuit court denied Smith's motion on March 31, 2014. (*Id.* at 4.) Smith filed a motion for reconsideration, which was denied on April 28, 2014. (*Id.* at 3.) Smith appealed, and the decision was affirmed on July 8, 2015.

(*Id.* at 1.) During this time period, Smith filed multiple other motions, including a motion for sentence modification on July 24, 2014, which was denied on July 28, 2014; a motion for relief from judgment on March 31, 2015, which was denied on April 7, 2015; and a motion for reconsideration on April 28, 2015, which was denied on May 4, 2015. (*Id.* at 1-3.) Smith also filed a petition for writ of habeas corpus in circuit court, which was denied on June 13, 2017 (Exh. to Habeas Petition, Docket # 1-1 at 19), and a petition for writ of habeas corpus in the Wisconsin Supreme Court, which was denied on January 9, 2017 (*Id.* at 17). Smith filed a federal writ of habeas corpus pursuant to § 2254 in the Eastern District of Wisconsin on November 7, 2017. (Docket # 1 at 13.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Smith does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, Smith's claim falls under 28 U.S.C. § 2244(d)(1)(A).

Smith directly appealed his conviction and the Wisconsin Court of Appeals affirmed Smith's conviction on February 7, 2006. Smith did not seek discretionary review in the Wisconsin Supreme Court. Because Smith did not appeal to Wisconsin's highest court, his judgment became final when his time for seeking review with the Wisconsin Supreme Court expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Pursuant to Wis. Stat. § 808.10, a petition for review must be filed with the clerk of the Supreme Court within 30 days of the date of the Court of Appeals' decision. Thus, Smith's judgment became "final" on March 9, 2006. Because Smith did not seek discretionary review in the Wisconsin Supreme Court and because the United States Supreme Court can only review judgments of either a state court of last resort or of a lower state court if the state court of last resort denied

discretionary review, the 90-day period for seeking certiorari in the United States Supreme Court is not incorporated into the time period for determining when Smith's judgment became final. *Gonzalez*, 565 U.S. at 154.

Accordingly, under 28 U.S.C. § 2244(d)(1)(A) the one-year clock commenced for Smith on March 10, 2006. *See* Fed. R. Civ. P. 6(a)(1). However, a properly filed motion for post-conviction relief in state court tolls the one year habeas statute of limitations. 28 U.S.C. § 2244(d)(2). Prior to February 3, 2012, Smith filed various motions, including two motions seeking to vacate the DNA surcharge and a *Knight* petition. While Smith's statute of limitations was only tolled while those motions were pending and continued to run in-between the filing of the motions, for ease of calculating Smith's statute of limitations, the respondent assumed that Smith was actively litigating his case until February 3, 2012. (Docket # 13 at 6.) The respondent argues that after the February 3, 2012 denial of a petition for review, Smith took no further action for approximately twenty-two months, when he filed a second postconviction motion on December 26, 2013.

Thus, even assuming Smith's statute of limitations was tolled until February 3, 2012, it would begin to run again on February 4, 2012 and he would have one year—or until February 4, 2013—to file his federal habeas corpus petition. Smith filed his federal habeas corpus petition on November 7, 2017.

Even though Smith filed another postconviction motion on December 26, 2013 (and several motions subsequent to that one between 2014 and 2017), his one year statute of limitations for federal habeas petitions had already expired. State motions for collateral relief do not give rise to a second one year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in

multiple rounds of review that it calls 'direct.'"). Thus, Smith's habeas corpus petition is untimely under § 2244(d)(1)(A). Smith does not address the untimeliness of his petition in his response to the respondent's motion. (Docket # 14.)

My analysis, however, does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Supreme Court has also held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Smith does not attempt to show that he meets either of these two exceptions. Thus, Smith's untimely petition is not excused by either equitable tolling or actual innocence. For these reasons, the respondent's motion to dismiss Smith's petition as untimely is granted and Smith's petition for a writ of habeas corpus is denied.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

I do not find Smith is entitled to a certificate of appealability. The statutory timeliness of Smith's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, I will deny Smith a certificate of appealability.

Smith retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus (Docket # 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Smith's Motion to Issue All Writs Act (Docket # 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Smith's petition for writ of habeas corpus and this action be and hereby are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of September, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge